1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| C | |
|---|---|
| Plaintiff, | NO: 4:21-CV-5069-TOR |
| v. | ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

13 BEFORE THE COURT are the parties' cross motions for summary

14 judgment (ECF Nos. 12, 13). The motions were submitted for consideration

15 without oral argument. The Court has reviewed the administrative record and the

16 parties' completed briefing and is fully informed. For the reasons discussed below,

17 Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED, and

18 Defendant's Motion for Summary Judgment (ECF No. 13) is GRANTED.

19 **JURISDICTION**

20 The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 1

**STANDARD OF REVIEW**

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id*. In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id*.

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citation omitted). Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 2

omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

**FIVE-STEP SEQUENTIAL EVALUATION PROCESS**

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activities, the analysis

proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe, or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations (20 C.F.R. § 404.1545(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's

RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work"). 20 C.F.R. § 404.1520(a)(4)(iv). If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(f). If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy. 20 C.F.R. § 404.1520(a)(4)(v). In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience. *Id.* If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(g)(1). If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits. *Id.*

The claimant bears the burden of proof at steps one through four above. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 404.1560(c); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for a period of disability and disability insurance benefits (Title II) on August 7, 2019, alleging disability beginning January 1, 2010. Tr. 20. The claim was denied initially on November 1, 2019, and upon reconsideration on February 7, 2020. *Id*. Plaintiff requested a hearing. *Id*. A telephonic hearing was held before an administrative law judge ("ALJ") on December 21, 2020. *Id*. On January 15, 2021, the ALJ denied Plaintiff's claim. Tr. 24. The Appeals Council denied review on February 23, 2021. Tr. 1. The ALJ's decision became the final decision and is subject to judicial review. 20 C.F.R. § 404.981.

As a threshold matter, the ALJ found Plaintiff met the insured status requirements of the Social Security Act through December 31, 2013. Tr. 22. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 1, 2010, the alleged onset date. *Id*. At step two, the ALJ found that there were no medical signs or laboratory findings to substantiate the existence of a medically determinable impairment. *Id*. The ALJ did not address the remaining sequential steps and determined that Plaintiff has not been under a disability from January 1, 2010 through December 31, 2013. Tr. 23.

## ISSUES

Plaintiff seeks judicial review of the ALJ's final decision denying her disability insurance benefits under Title II of the Social Security Act. Plaintiff

raises the following issues:

1. Whether the ALJ erred by failing to determine an established onset date pursuant to SSR 18-1p;
2. Whether the ALJ erred by rejecting Plaintiff's impairments at step two;
3. Whether the ALJ conducted a proper analysis at step three;
4. Whether the ALJ erred by rejecting lay witness testimony;
5. Whether the ALJ erred by rejecting Plaintiff's subjective symptom testimony; and
6. Whether the ALJ conducted a proper analysis at step five.

ECF No. 19 at 2.

## DISCUSSION

**A.  Step Two; Established Onset Date**

Plaintiff argues the ALJ erred at step two by rejecting Plaintiff's impairments as not severe and also by failing to determine Plaintiff's established onset date (EOD) in accordance with SSR 18-1p.

At step two of the sequential process, the ALJ must determine whether a claimant suffers from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). To show a severe impairment, the claimant must first prove the existence of a physical or mental impairment by providing medical evidence consisting of signs,

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 7

symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 404.1521.

An impairment may be found non-severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work . . . ."  Social Security Ruling (SSR) 85-28, 1985 WL 56856, at *3.  Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities, which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. § 404.1522; *see also* SSR 85-28.

Step two is "a de minimis screening device to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (citation omitted).  "Thus, applying our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 8

Here, the ALJ concluded there were no medical signs or laboratory findings to substantiate a medically determinable impairment through the date of last insured because the record did not contain any medical records from the relevant time period. Tr. 23. Plaintiff concedes that no medical records exist from the relevant time period, nor are there any other documentations of Plaintiff's conditions that are contemporaneous with the date of last insured. ECF No. 12 at 8; Tr. 34–35, 39. Rather, Plaintiff argues the ALJ should infer Plaintiff's disability based on Plaintiff's own statements to mental health counselors at the end 2014 and a third-party function report filled out by Plaintiff's husband in 2019. Tr. 38–39.

Plaintiff further argues the hearing testimony from an impartial psychological medical expert supports an inference that Plaintiff established disability prior to the date of last insured. ECF No. 12 at 10. However, the psychological expert testified that such an inference would be "a huge generalization, and I don't think I'd be willing to go quite that far." Tr. 44. The expert further stated that an inference connecting the 2014 treatment notes to the date of last insured was "difficult" due to the "extremely meager" information and the lack context. *Id*. When pressed by Plaintiff's attorney as to whether an inference reaching ten months into the past, from October 2014 to December 2013, was such a "big jump," the expert stated, "Yes. It is." *Id*.

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT~ 9

The ALJ considered the psychological expert's testimony and all of the record evidence and concluded there were no objective medical findings that supported a medically determinable impairment through the date of the last insured. Once the ALJ concluded Plaintiff did not suffer from a severe impairment, the ALJ's inquiry ended because Plaintiff could not meet the statutory definition of disability. Consequently, the ALJ was not obligated to determine the established onset date. *See Social Security Ruling (SSR) 18-01p; Titles II & Xvi: Determining the Established Onset Date (EOD) in Disability Claims*, 2018 WL 4945639, *2 (Oct. 2, 2018) (stating a claimant must first meet the statutory definition of disability and the non-medical requirements during the covered period before the established onset date can be determined).

The Court finds the ALJ's determination that Plaintiff did not suffer a severe impairment, and is therefore, not disabled, is supported by the lack of any objective medical evidence from the relevant time period. The Court need not address Plaintiff's remaining issues because the five-step analysis ends when a claimant is determined not disabled at step two. 20 C.F.R. § 404.1520(c).

## CONCLUSION

Having reviewed the record and the ALJ's findings, this Court concludes that the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 12) is **DENIED**

2. Defendant's Motion for Summary Judgment (ECF No. 13) is **GRANTED**.

The District Court Executive is directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

DATED April 11, 2022.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11